UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD EL,

        Plaintiff,

                                        Case No. 14-14965
v.                                HON. TERRENCE G. BERG

CARMELLA SABAUGH,

        Defendant.

_____/

**OPINION AND ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING THE COMPLAINT (DKT. 1) WITHOUT PREJUDICE**

    Plaintiff Reginald El, also known as Reginald Miles and Sheik Hasan El,[1] is a state prisoner presently confined at the Macomb Correctional Facility in New Haven, Michigan. He recently filed a *pro se* civil complaint against Carmella Sabaugh, the Clerk for Macomb County, Michigan. For the reasons that follow, the complaint will be summarily DISMISSED without prejudice.

## I.  BACKGROUND

    Plaintiff filed his *pro se* complaint on December 22, 2014. The complaint and exhibits appear to allege that state and county officials have prevented Plaintiff from obtaining information from governmental agencies by enacting and enforcing Michigan's Freedom of Information Act (FOIA), Mich. Comp. Laws § 15.231, *et seq*.

---

[1] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber =163990.

Section 15.231 of FOIA provides that

> all persons, *except those persons incarcerated in state or local correctional facilities*, are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process.

Mich. Comp. Laws § 15.231 (emphasis added). In addition, the following section of FOIA states that the word "person" "does not include an individual serving a sentence of imprisonment in a state or county correctional facility in this state or any other state, or in a federal correctional facility." Mich. Comp. Laws § 15.232(c).

Plaintiff contends that, by excluding prisoners from obtaining information through FOIA, their right of access to the courts is violated because they cannot obtain documentation to support their claims in court pleadings. Accordingly, Plaintiff seeks to have the Court enjoin enforcement of § 15.232(c) and to declare the statute unconstitutional and criminal.

## II. ANALYSIS

Plaintiff did not pay the filing fee for this action. Instead, he has asked the Court to waive court costs and fees. *See* Compl. at p. 2. However, under the "three strikes" provision of the Prison Litigation Reform Act of 1996 (PLRA), a prisoner may not bring a civil action or appeal without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted unless the prisoner is under imminent danger of serious physical injury.

2

28 U.S.C. § 1915(g).

A review of Plaintiff's litigation history in federal court reveals that three of his previous cases were dismissed as frivolous or for failure to state a claim. *See Miles El v. United States, et al.*, No. 2:06-cv-264 (W.D. Mich. June 4, 2007); *Miles El v. MDOC, et al.*, No. 2:97-cv-39 (W.D. Mich. Aug. 4, 1997); and *Miles El v. McGinnis*, No. 2:97-cv-52 (W.D. Mich. Aug. 1, 1997). Plaintiff not only has three "strikes," he has previously been warned that, due to his three "strikes," he may not proceed without prepayment of the filing fee for his complaints. *See* "Order Denying Leave to Proceed *In Forma Pauperis* - Three Strikes," *Miles El v. Holder, et al.*, No. 2:10-cv-258 (W.D. Mich. Oct. 13, 2010). Consequently, Plaintiff may proceed without prepayment of the filing fee for this action only if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

> [T]o allege sufficiently imminent danger, . . . "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Ritter v. Kinder*, 290 Fed. Appx. 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also Taylor [v. First Medical Management*, 508 Fed. Appx. 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 Fed. Appx. 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf. Pointer [v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, . . . the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a

3

>prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 Fed. Appx. at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 Fed. Appx. at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).

Plaintiff has not alleged that he was in "imminent danger of serious physical injury" when he filed his complaint, and nothing in the complaint suggests that he faced some real and proximate danger of serious physical injury at the time. As such, Plaintiff has failed to establish that his complaint falls within the exception to § 1915(g).

//

//

//

//

//

//

//

//

//

//

### III.  CONCLUSION

Based on the foregoing, Plaintiff's request to have the fees and costs for this action waived is **DENIED**.  **IT IS FURTHER ORDERED** that the complaint (Dkt. 1) is summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that an appeal from this order would be frivolous and, therefore, could not be taken in good faith, 28 U.S.C. § 1915(a)(3), or without prepayment of the appellate filing fee, 28 U.S.C. § 1915(g).

**SO ORDERED.**


Dated:  February 6, 2015                     s/Terrence G. Berg
                                             TERRENCE G. BERG
                                             UNITED STATES DISTRICT JUDGE


### Certificate of Service

I hereby certify that this Order was electronically submitted on February 6, 2015, using the CM/ECF system, a copy of this Order was also mailed to the Macomb Correctional Facility, located at 34265 26 Mile Road, New Haven, MI 48048, directed to Plaintiff's attention.

                                             s/A. Chubb
                                             Case Manager